1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JOSE L.  VALDEZ,                              Civil No.    12-1776 DMS (BLM)

12                              Petitioner,

13                      v.                         **ORDER DISMISSING CASE
                                                   WITHOUT PREJUDICE AND WITH
14   KATAVICH, Warden                              LEAVE TO AMEND**

                                  Respondent.
15

16          Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2254.

18             **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19          Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

20   pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee

21   or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.

22   See Rule 3(a), 28 U.S.C. foll. § 2254.

23                              **VENUE**

24          A petition for writ of habeas corpus may be filed in the United States District Court of

25   either the judicial district in which the petitioner is presently confined or the judicial district in

26   which he was convicted and sentenced.  See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit

27   Court, 410 U.S. 484, 497 (1973). It is generally the practice of the district courts in California

28   to transfer habeas actions challenging a parole eligibility hearing to the district in which the

1   hearing was conducted.  Any and all records, witnesses and evidence necessary for the resolution

2   of a petitioner's contentions are more readily available in that district.  See Braden, 410 U.S. at

3   497, 499 n.15; Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968).  Petitioner is presently

4   confined at Wasco State Prison, located in Kern County, which is within the jurisdictional

5   boundaries of the United States District Court for the Eastern District of California.  *See*

6   28 U.S.C. § 84(b).  Petitioner does not specify where the Board of Prison Terms hearing

7   occurred.  Thus, it is currently unclear whether this Court has jurisdiction in this matter.

8   Petitioner must tell the Court where the Board of Prison Terms hearing occurred which he seeks

9   to challenge in this matter.

10   **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

11   Further, habeas petitioners who wish to challenge either their state court conviction or the

12   length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

13   § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial

14   remedies, a California state prisoner must present the California Supreme Court with a fair

15   opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28

16   U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court

17   remedies a petitioner must allege, in state court, how one or more of his or her federal rights

18   have been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned:

19   "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

20   rights, they must surely be alerted to the fact that the prisoners are asserting claims under the

21   United States Constitution."  Id. at 365-66 (emphasis added).  For example, "[i]f a habeas

22   petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the

23   due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only

24   in federal court, but in state court."  Id. at 366 (emphasis added).

25   Nowhere on the Petition does Petitioner allege that he raised his claim in the California

26   Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so

27   specify.  "The burden of proving that a claim has been exhausted lies with the petitioner."

28   Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Breard v. Pruett, 134 F.3d 615, 619

1   (4th Cir. 1998); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997); <u>Oyler v. Allenbrand</u>,

2   23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

3          Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

4   Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

5   of habeas corpus by a person in custody pursuant to the judgment of a State court.   The

6   limitation period shall run from the latest of:

7                        (A) the date on which the judgment became final by the
                     conclusion of direct review or the expiration of the time for seeking
8                    such review;

9                        (B) the date on which the impediment to filing an application
                     created by State action in violation of the Constitution or laws of the
10                   United States is removed, if the applicant was prevented from filing
                     by such State action;
11
                         (C) the date on which the constitutional right asserted was
12                   initially recognized by the Supreme Court, if the right has been
                     newly recognized by the Supreme Court and made retroactively
13                   applicable to cases on collateral review; or

14                       (D) the date on which the factual predicate of the claim or
                     claims presented could have been discovered through the exercise
15                   of due diligence.

16  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

17         The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

18  is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

19  <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

20  when its delivery and acceptance [by the appropriate court officer for placement into the record]

21  are in compliance with the applicable laws and rules governing filings."). However, absent some

22  other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

23  pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

24         Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

25  habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

26  it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.

27  § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

28  habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION AND ORDER

In light of the above, the Court **DISMISSES** the Petition without prejudice and with leave to amend for Petitioner's failure to satisfy the filing fee requirement, demonstrate venue is proper in this Court, and allege exhaustion of state judicial remedies.  If Petitioner wishes to proceed with this case, he must submit, **no later than <u>October 9, 2012,</u>** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee AND a First Amended Pleading which cures the pleading deficiencies noted above.  ***The Clerk of Court is directed to send Petitioner a blank Southern District of California In Forma Pauperis Application and a blank First Amended Petition along with a copy of this Order.***

**IT IS SO ORDERED.**

DATED:  August 17, 2012

_____
HON. DANA M. SABRAW
United States District Judge