1
2
3
4
5
6
7
8  UNITED STATES DISTRICT COURT
9  SOUTHERN DISTRICT OF CALIFORNIA
10
11 JOSE L. VALDEZ,                              Civil No.   12-1776 DMS (BLM)
12                          Petitioner,
13        v.                                    **ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**
14 KATAVICH, Warden
15                          Respondent.

16 Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas
17 Corpus pursuant to 28 U.S.C. § 2254.

18                  **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19 Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma
20 pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee
21 or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.
22 See Rule 3(a), 28 U.S.C. foll. § 2254.

23                                           **VENUE**

24 A petition for writ of habeas corpus may be filed in the United States District Court of
25 either the judicial district in which the petitioner is presently confined or the judicial district in
26 which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit
27 Court, 410 U.S. 484, 497 (1973). It is generally the practice of the district courts in California
28 to transfer habeas actions challenging a parole eligibility hearing to the district in which the

hearing was conducted. Any and all records, witnesses and evidence necessary for the resolution of a petitioner's contentions are more readily available in that district. See Braden, 410 U.S. at 497, 499 n.15; Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Petitioner is presently confined at Wasco State Prison, located in Kern County, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Petitioner does not specify where the Board of Prison Terms hearing occurred. Thus, it is currently unclear whether this Court has jurisdiction in this matter. Petitioner must tell the Court where the Board of Prison Terms hearing occurred which he seeks to challenge in this matter.

## **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claim in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Breard v. Pruett, 134 F.3d 615, 619

(4th Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Oyler v. Allenbrand, 23 F.3d 292, 300 (10th Cir. 1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

**CONCLUSION AND ORDER**

In light of the above, the Court **DISMISSES** the Petition without prejudice and with leave to amend for Petitioner's failure to satisfy the filing fee requirement, demonstrate venue is proper in this Court, and allege exhaustion of state judicial remedies. If Petitioner wishes to proceed with this case, he must submit, **no later than October 9, 2012,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee AND a First Amended Pleading which cures the pleading deficiencies noted above. *The Clerk of Court is directed to send Petitioner a blank Southern District of California In Forma Pauperis Application and a blank First Amended Petition along with a copy of this Order.*

**IT IS SO ORDERED.**

DATED:  August 17, 2012

_____
HON. DANA M. SABRAW
United States District Judge